

January 19, 2023

Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

    Re:    <u>Lax v. City University of New York</u>, 22-cv-6793 (NGG)(PK)

Dear Judge Garaufis:

    My firm, with co-counsel, is private counsel[1] for Defendants Anthony Alessandrini, Elizabeth Dill, Libby Garland, Matthew Gartner, Kate Perrea, Emily Schnee, and Dominic Wetzel (for convenience, the "Professor Defendants"[2]). I write to request a *sine die* extension of time to answer for those Defendants, as well as to request a conference.

    First, on the extension of time, the Professor Defendants were served on January 10, 2023, making their answer or motion due on January 31 (no previous extension has been granted). Owing to the nature of the case, the Professor Defendants are entitled to both representation and indemnification by the City of New York. However, as explained in a motion that has been fully briefed since May 2022 in the identical state court proceeding (more on that below), because of the conflict between the Professor Defendants and the institutional CUNY Defendants, the Professor Defendants are entitled to private counsel under New York State Education Law Section 6205(2)(c). *See, e.g.,* **Exhibit 1** (affirmation in support of that motion).

    Before any substantive work can commence, the Professor Defendants again need to follow the City's procedure for requesting representation — and will likely again need to make a motion to disqualify the Corporation Counsel. That is, before we can move to the merits of the case, the Corporation Counsel needs to evaluate whether there is a conflict — and if it reaches the same result it did in the identical state proceeding, the Professor Defendants will need to proceed with a motion to disqualify the Corporation Counsel. Thus, the Professor Defendants seek an extension *sine die* while that issue can be worked out.[3] I have consulted with Plaintiffs' counsel, who has graciously consented

---

[1] What I mean by this is explained below.
[2] Note there are other defendants, not in this list, that are also professors.
[3] On the merits of the extension, other than the fact that the Professor Defendants are making this motion themselves, rather than the Corporation Counsel making it and asking the Court to act "*sua sponte*", this is not much different than the routine extensions the City seeks before it has formally worked out joint representation.



to this extension. This extension — at least indirectly, given that representation motions may follow — may affect the scheduled initial conference. *See* Dkt. No. 6.

Second, the Professor Defendants believe a conference — or perhaps order to show cause — may be appropriate here given that the Complaint (Dkt. No. 1) is all but verbatim identical to a complaint these same Plaintiffs filed against the same Defendants in state court. That complaint is attached as **Exhibit 2**, with a redline[4] between it and Dkt. No. 1 as **Exhibit 3**. It is hard to see how disposition of this case, at least as against the Professor Defendants, is not entirely barred by the *Colorado River* abstention doctrine. *See, e.g., Loughran v Wells Fargo Bank, N.A.*, 2 F.4th 640, 643 (7th Cir 2021) (affirming abstention where a party filed "a complaint that copied and pasted large swaths of text from their state-court filings").[5] Given that the state court proceeding has been pending for two years, it is hard to see how what possible justification there is for Plaintiffs copying and pasting the complaint and simply adding a new caption — hauling everyone involved in state court into a second go-round.

Thus, the Professor Defendants suggest that perhaps the Court should hold a conference, or otherwise "order[] Plaintiff[s] to show cause, within 30 days, why the Court should not abstain from exercising jurisdiction over this action, under the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800(1976)." *Nieves v City of NY*, 2021 US Dist LEXIS 103610, at *2 (SDNY May 27, 2021). *See also, e.g., Gentile v Capra*, 2022 US Dist LEXIS 122078, at *9 (SDNY July 11, 2022) (ordering plaintiff to show cause on *Colorado River* grounds); *Ramani v Youtube LLC*, 2019 US Dist LEXIS 112738, at *7 (SDNY July 8, 2019) (same).

To sum up, the Professor Defendants, on consent, request a *sine die* extension of time to respond to the complaint. And the Professor Defendants respectfully suggest the Court should hold a conference or issue an order to show cause on *Colorado River* grounds, given the nearly verbatim identical complaint filed nearly two years ago in state court.

As always, I thank the Court for its time and attention to this matter.

                                                          Respectfully submitted,

                                                          /s/
                                                     _____

                                                     J. Remy Green
                                                        *Honorific/Pronouns: Mx., they/their/them*
                                                     **COHEN&GREEN P.L.L.C.**
                                                     *Attorneys for Professor Defendants*

---

[4] Without the original word versions, the comparison formatting is less than ideal.

[5] Additionally, the sole **new** material/claim — the claim that follows from the EEOC's right to sue letter (*see* Dkt. No. 1 ¶¶ 5-7) — does not appear to relate to the Professor Defendants, and runs into other serious problems. That is, the Professor Defendants are not organizations subject to discrimination law. And as Plaintiffs admit (though they summarily assert the opposite), they failed to file this suit within 90 days (e.g., by October 3, 2022) of the July 5, 2022 right to sue letter. Dkt. No. 1 ¶ 5. That means the sole new material in this suit became time-barred more than a month before Plaintiffs filed this suit on November 7, 2022. *Ko v JP Morgan Chase Bank, N.A.*, 730 F App'x 62, 63-64 (2d Cir 2018).

COHEN&GREEN                                   Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



1639 Centre St., Suite 216<br/>Ridgewood, New York 11385

cc:
All relevant parties by ECF.

COHEN&GREEN                                                                 Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com